UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IDEARC MEDIA CORP.,
f/k/a VERIZON DIRECTORIES CORP.,

    Plaintiff,

vs.                                        CASE NO.: 8:07-CV-1024-T17EAJ

KIMSEY & ASSOCIATES, P.A.,
d/b/a/ KIMSEY LAW GROUP,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

This cause is before the Court on Plaintiff, IDEARC MEDIA CORP.'s (hereinafter "Idearc"), Motion to Dismiss Counts III and IV of Defendant's, KIMSEY & ASSOCIATES (hereinafter "Kimsey"), Counterclaim filed on October 10, 2007. For the reasons set forth below, the Plaintiff's Motion to Dismiss Counts III and IV is **DENIED**. The following facts, taken from the Defendant's Memorandum of Law, are accepted as true for the purpose of resolving this action.

## BACKGROUND

Pursuant to Idearc's solicitation, Kimsey agreed to advertise in Idearc's Yellow Book Directory. Kimsey agreed to purchase what were referred to as "Cover Spots." Idearc represented, either explicitly or implicitly that the Cover Spots would visibly and in an unobstructed manner display Kimsey's advertisement on the cover of the Yellow

Book Directory. That is, Idearc gave Kimsey absolutely no reason to believe or suspect that Kimsey's advertisement would be obstructed in any way.

After selling Kimsey the Cover Spots, Idearc then sold what is referred to as a "Tip-on." A Tip-on is a second or pseudo-cover that is affixed to the actual cover of the Yellow Book Directory. Most importantly, Idearc sold Tip-ons to one of Kimsey's competitors. Not only was Kimsey's advertisement not completely visible and unobstructed, but it was also obstructed and covered by an advertisement for one of Kimsey's competitors.

## STANDARD OF REVIEW

In deciding a motion to dismiss, a court can examine only the four corners of the complaint. Rickman v. Precisionaire, Inc., 902 F.Supp 232 (M.D. Fla. 1995). Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the complaining party can prove no set of facts that would entitle him to relief. Am Ass's of People wth Disabilities v. Smith, 227 F.Supp 2d 1276, 1280 (M.D. Fla. 2002)(citing Cook & Nichol, Inc. v. Plimsoll Club, 451 F.2d 505, 506 (5th Cir. 1971)). This Court has held previously that the threshold for a complaint's sufficiency is exceedingly low. Ancata v. Prison Health Services Inc., 769 F.2d 700, 703 (11th Cir. 1985). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. Executive 100 Inc., v. Martin County, 922 F.2d 1536 (11th Cir. 1991), cert. denied, 502 U.S. 810, (U.S. 1991); Powell v. United States, 945 F. 2d 374 (11th Cir. 1991).

## DISCUSSION

I. **WHETHER KIMSEY HAS ALLEGED FACTS, THAT IF TRUE WOULD ENTITLE IT TO RELIEF FROM IDEARC**

**A. Idearc's Motion to Dismiss Count III for Conversion**

Under Florida Law, conversion is defined as a wrongful taking of personal property with the intent to exercise an ownership which is inconsistent with the real owner's right of possession. King v. Saucier, 356 So. 2 930, 931 (Fla. 2nd DCA 1978). Put another way, conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time. Shelby Mutual Ins. Co. of Shelby, Ohio v. Crain Press, 481 So. 2d 501 (Fla. 2nd DCA 1986)(citing Senfeld v. Nova Scotia Trust Co. Ltd., 450 So. 2d 1157, 1161 (Fla. 3rd DCA 1984)). For a conversion claim to be successful, it is not necessary that there actually be a demand by the deprived party and a refusal by the depriving party. U.S. v. Bailey, 288 F.Supp 2d 1261, 1277 (M.D. Fla. 2003). That is, it is the unauthorized act that is actionable and not the deprived party's demand and subsequent refusal by the depriving party. Id.

This court has previously held that in order to obtain relief for conversion, the alleged conversion must be independent from any damages the injured party may have suffered under his contract with the injuring party. Lajos v. duPont Publishing, Inc., 888 F.Supp 143, 145 (M.D. Fla. 1995)(citing Florida Power & Light Co. v. Westinghouse Electric Corp., 510 So. 2d 899 (Fla. 1987)). That is, an injured party seeking to avail themselves of the remedies provided by a purported contract cannot simultaneously disavow the limitations of that relationship. Lajos, 888 F.Supp. 143, 145 (M.D. Fla. 1995)(citing Leisure Founders, Inc. v. CUC International, Inc., 833 F.Supp. 1562, 1573

(S.D. Fla. 1993). As an illustration of a conversion claim unrelated to the contract, the court in <u>Leisure Founders</u> gave the example of a building contractor stealing doors from a job site. <u>Id.</u>

Conversion claims which are independent of a breach of contract are not barred by the economic loss rule. <u>Duncan v. Kasim, Inc.</u>, 810 So. 2d 968, 970 (Fla. 5th DCA 2002). Idearc claims that Kimsey has failed to state a cause of action for conversion because of the parties' contractual relationship. In support of its argument, Idearc claims that Kimsey is attempting to create a property right in a license based solely upon the contractual relationship. However, Kimsey has not, anywhere within its counterclaim, alleged a breach of contract. Furthermore, Kimsey has not, at any point, alleged that its damages stem from the parties' contractual agreement. As such, Idearc's argument that Kimsey's claim of conversion is barred simply by the existence of a contractual relationship is unfounded.

Idearc further argues that Kimsey's conversion claim should be dismissed because a license is not a property right. Idearc cites language from the Florida Supreme Court which had held that Florida Law defines as a "license" as a mere privilege to do business and not a contract, property right, and it does not create a vested right. <u>Mayo v. Market Fruit Co. of Sanford, Inc.</u>, 40 So. 2d 555, 559 (1949). While Idearc has correctly paraphrased <u>Mayo</u>, it has incorrectly applied the case. Both the facts and the "license" being dealt with in <u>Mayo</u> are completely inapplicable to the case at bar.

<u>Mayo</u> dealt with a controversy over the production and resale of citrus. More importantly, the license referred to in <u>Mayo</u> was one given by the Commissioner of Agriculture to a private citizen. That is, the license dealt with in <u>Mayo</u> was akin to the

government issuing private citizen or business a license to drive, sell alcohol, or fish. This court has previously held that an action for conversion will lie for the "wrongful taking of intangible business venture." Portionpac Chemical Corp. v. Sanitech Systems, Inc., 217 F.Supp 2d 1238, 1252 (M.D. Fla. 2002)(citing In re Estate of Corbin, 391 So. 2d 731, 732-733 (Fla. 3d DCA 1980)).

Idearc references Kimsey's counterclaim, arguing that Kimsey claimed it had contracted for the purchase of property in the form of a license to advertise in the Yellow Book Directory. See Counterclaim, ¶ 19 (dkt 5). While it is true that Kimsey, in its counterclaim, used the words license and contract, a poor choice of words will not in and of itself defeat an otherwise actionable claim. The term license was used to describe the property right Kimsey purchased. It is abundantly clear that the "license" mentioned by Kimsey is completely distinguishable from the type discussed in Mayo. It is Kimsey's contention that it purchased property from Idearc that was later sold to Kimsey's competition. Whether Kimsey purchased a "license to advertise" or simply the rights to the front of the Yellow Book Directory is irrelevant. This Court can foresee factual circumstances in which Kimsey would be able to prove to the finder of fact that Idearc wrongfully took Kimsey's property with the intent to deprive Kimsey of its rightful ownership.

Therefore, because Kimsey's claim is not barred by the economic loss rule and because this Court is not convinced beyond a doubt that Kimsey cannot prove a set of facts or circumstances which would entitle it to relief, granting Idearc's Motion would be improper. Accordingly, Idearc's Motion to Dismiss Count III is **DENIED**.

## B. Idearc's Motion to Dismiss Count IV for Unjust Enrichment

To establish unjust enrichment, the complaining party must show: 1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance and retention of such benefit by the defendant under such circumstances that would make it inequitable for him to retain it without paying the value thereof. Henry M. Butler, Inc. v. Trizec Properties, Inc., 524 So. 2d 710, 711 (Fla. 2nd DCA 1988)(See Also Merkle v. Health Options, Inc., 940 So. 2d 1190, 1199 (Fla. 4th DCA 2006)). The theory of unjust enrichment is equitable in nature and is, therefore, not available when there is an adequate remedy at law. Bowleg v. Bowe, 502 So. 2d 71, 72 (Fla. 3d DCA 1987)(citing Liza Danielle, Inc. v. Jamko, Inc., 408 S. 2d 735 (Fla. 3d DCA 1982)). More specifically, Bowleg held that a claim for unjust enrichment was not appropriate where there was a presumably valid final contract that would provide a legal remedy. Id.

Kimsey argues that Idearc has been unjustly enriched by allowing a Tip-on to be place over part or all of Kimsey's advertisement. It is Kimsey's position that the parties contracted for the purchase of advertising space that Kimsey did not receive because of Idearc's subsequent sale of Tip-ons. Put another way, Idearc was able to sell the same advertising space twice and as such, was unjustly enriched.

Idearc argues that Kimsey's counterclaim for unjust enrichment should be dismissed because Kimsey cannot prove that there is the absence of an adequate contractual remedy available. That is, Idearc argues that the unjust enrichment counterclaim should fail because there are potential contractual remedies available. However, Idearc argues numerous times within its Motion to Dismiss that Kimsey's

counterclaims must fail because the parties entered into a contract which provides Kimsey no claim. Furthermore, Idearc, several times in its motions, points to different portions of the contract in support of its argument that Kimsey does not have an adequate contractual remedy. Idearc cannot, in good faith, argue that one count should be dismissed because the contract did not give Kimsey a property right and consequently no contractual remedy, while simultaneously arguing that a different count should be dismissed because Kimsey has adequate contractual remedies at its disposal.

In further support of its counterclaim, Kimsey argues that Idearc did not distribute the Yellow Book Directories in good faith. Specifically, Kimsey alleges that Idearc utilized careless distribution methods, left large numbers of directories in lobbies rather than delivering them to individual residences and/or offices, delivered directories to streets rather than doorways, and otherwise acted in bad faith to its paying clients. Kimsey claims that not only did it not receive the type of advertising it contracted for but also that the advertisements were not distributed properly. It is as if Kimsey is alleging that Idearc's unjust enrichment could be based solely on the questionable distribution methods and notwithstanding the "double-sale" of the Cover Spot.

Idearc counters by pointing to a portion of the parties' contract, which states in part that:

> "...Publisher does not guarantee that every current or new area resident and business will receive a copy of the Directory, nor that every Directory printed will be distributed..."

Kimsey however, is not claiming that Idearc was unjustly enriched because Idearc failed to get the directory to every single resident and business. Rather, Kimsey is simply arguing that Idearc did not act in good faith in distributing the directories. This Court

sees a great distinction between acting in bad faith and failing to get a directory to each and every residence and business.

This Court believes Kimsey has pleaded sufficient facts that, if true, could entitle Kimsey to relief under the theory of unjust enrichment; specifically, that Idearc sold the same advertising space twice and, furthermore, did not distribute the advertisement in good faith. With that said, whether Idearc did in fact sell the same advertising space twice and whether Idearc acted in bad faith are issues of fact and not one of law. As such, the aforementioned issues are for the fact-finder to determine. Accordingly, Idearc's Motion to Dismiss Count IV is **DENIED.**

## CONCLUSION

This Court believes Kimsey has pleaded sufficient facts to support its allegations that, if proven true, would entitle him to relief from Idearc under the theories of both Conversion and Unjust Enrichment. Accordingly, it is:

**ORDERED** that Plaintiff Idearc's Motion to Dismiss Counts III and IV (Dkt. 8), of Defendant Kimsey's counterclaim be **DENIED** and the Plaintiff shall answer the counterclaim within ten (10) days of this order.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 23rd day of July 2008.

ELIZABETH KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record