UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IDEARC MEDIA CORP.,
f/k/a VERIZON DIRECTORIES CORP.,

    Plaintiff,

vs.                                                                      CASE NO.: 8:07-CV-1024-T-17EAJ

KIMSEY & ASSOCIATES, P.A.,
d/b/a KIMSEY LAW GROUP.

    Defendant.

_____/

**ORDER ON MOTION FOR ENLARGEMENT OF TIME FOR JOINING COUNTER DEFENDANT AND ORDER ON AMENDED MOTION FOR LEAVE TO JOIN THIRD PARTY DEFENDANT R. R. DONNELLEY & SONS COMPANY**

This cause is before the Court on Defendant, KIMSEY & ASSOCIATES, P.A.'s (hereinafter "Kimsey"), Motion for Enlargement of Time for Joining Counter Defendant (Dkt. 46), its subsequent Amended Motion for Leave to Join Third Party Defendant R. R. Donnelley & Sons Company (Dkt. 53), and responses thereto (Dkts. 47 and 56). For the reasons set forth below, the Defendant's Motion for Enlargement of Time for Joining Counter Defendant is **DENIED**. Also for reasons set forth below, the Defendant's Amended Motion for Leave to Join Third Party Defendant R. R. Donnelley & Sons Company is **DENIED**.

**PROCEDURAL HISTORY**

This case is based on a dispute about an advertisement for the defendant law firm on the front cover of a telephone directory. On June 15, 2007, Plaintiff, IDEARC MEDIA CORP. (hereinafter "Idearc"), filed a complaint alleging Kimsey owed $1,126,948.40 in breach of contract for failure to pay for the advertisement (Dkt. 1). Kimsey answered and counterclaimed on September 10, 2007, alleging it is owed damages because its front cover advertisement was partially obscured by a so-called "tip-on" advertisement, which is an advertisement on a separate sheet of paper held onto the front cover of the telephone directory by adhesive (Dkt. 5). Kimsey also alleged that the telephone directories were often distributed in a shoddy, ineffectual manner.

On October 29, 2007 this Court filed a Case Management and Scheduling Order requiring Kimsey and Idearc to complete third party/joinder by August 11, 2008 (Dkt. 14). The parties agreed to that date in a case management meeting held on October 3, 2007 (Dkt. 13). On August 8, 2008, Kimsey filed its Motion for Enlargement of Time for Joining Counter Defendant, and followed that on September 11, 2008 with its Amended Motion for Leave to Join Third Party Defendant R. R. Donnelley & Sons Company.

**STANDARD OF REVIEW**

"A district court retains the inherent authority to manage its own docket." *Wilson v. Farley*, 203 Fed. Appx. 239, 250 (11th Cir. 2006), (*citing Four Seasons Hotels and Resorts, B. V. v. Consorcio Barr*, 377 F.3d 1165, 1172 n. 7 (11th Cir. 2004)). Thus, appellate courts review case management decisions only for abuse of discretion. *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004). While it is preferable that triers of fact receive all relevant evidence, "on the other hand, it is also necessary for courts to maintain control of their cases and the integrity of their dockets." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277

(M.D.Fla.2002). Lenity in scheduling must be balanced against the needs of not only opposing parties and counsel, but the public at large, "including those persons affected by the Court's increasingly crowded docket." *Young*, 358 F.3d at 864.

The district court is required to issue a scheduling order. Fed.R.Civ.P. 16(b)(1). Required in that order is a limit on the "time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3)(A). The schedule may be modified, "only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Also, "when an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed.R.Civ.P. 6(b)(1). "The good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998), (*citing* Fed.R.Civ.P. 16 advisory committee's note). This district has indicated its desire to move speedily toward trial, stating that any motion to amend any pleading "is distinctly disfavored after entry of the Case Management and Scheduling Order." Local Rule 3.05(c)(2)(E).

## DISCUSSION

**A. Motion for Enlargement of Time for Joining Counter Defendant**

Kimsey's Motion for Enlargement of Time for Joining Counter Defendant relies on Fed.R.Civ.P. 6(b)(1)(A), which allows a court to extend time, for good cause, "if a request is made before the original time or its extension expires." That motion was filed prior to the Case Management and Scheduling Order deadline for third party/joinder.

Like Fed.R.Civ.P. 16(b)(4), this rule requires a showing of good cause. For it to be successful, Kimsey must meet the good cause standard by demonstrating it could not meet the

scheduling deadline despite its diligent efforts. *Sosa*, 133 F.3d at 1418. "If a party was not diligent, the (good cause) inquiry should end." *Id.* (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). In *Lord*, the Court identified three factors as key to determining diligence in *Sosa*, which analyzed good cause under Fed.R.Civ.P. 16(b): 1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment. 223 F.Supp 2d at 1278.

Kimsey does not directly address good cause. The single paragraph in the motion that hints at the good cause standard states that Kimsey received documents from Idearc on July 16, 2008, which was 26 days before the August 11, 2008 deadline for joinder, that "reveal that R. R. Donnelley & Sons Company, publisher of the telephone directories, stands as a possible Counter Defendant in this case." (Dkt. 46, ¶ 1). Nothing speaks to Kimsey's diligence and why, despite adequate diligence, these documents weren't attained until July 16, 2008. Also, Kimsey does not state why the 26 days were not adequate despite diligent efforts to review the documents and to move to join R. R. Donnelley & Sons Company. It merely states that it "requires" an additional 20 days, without explaining why. (Dkt. 46, ¶ 3). "Absent a showing of diligence on the part of a party seeking to extend deadlines contained in the scheduling order, the court-ordered schedule should not be disturbed." *Lord*, 223 F.Supp 2d at 1278.

Idearc, in its opposition to the motion (Dkt. 47), offers some evidence that diligence was lacking. It attaches as Exhibit 1 a letter dated October 12, 2006, in which Kimsey references "your printer," raising the assumption that Kimsey understood that an outside printing vendor may be involved. Additionally, Idearc states that Kimsey has been represented by four attorneys,

delaying discovery and the deposition of Paul Kimsey. (Dkt. 47, ¶ 4). It attaches as Exhibit 2 a letter to Edward A. Doskey, Esq., referencing attempts to depose Mr. Kimsey. The letter indicates that numerous requests were made, and no response received. According to the letter, at least a dozen deposition dates were proposed to an earlier counsel, nine had passed, and none had come to fruition. The three remaining dates of the original twelve were March 10, 12 and 28, 2008, about two months before the deposition was finally taken.

Because Kimsey offered no direct indication of "good cause" under Fed.R.Civ.P. 6, and because Idearc's statements indicate diligence may have been lacking on the part of counsel for Kimsey, the Motion for Enlargement of Time for Joining Counter Defendant is **DENIED**.

**B. Amended Motion for Leave to Join Third Party Defendant**

A month following the Case Management and Scheduling Order deadline, Kimsey filed its second motion wherein it moves to join R. R. Donnelley & Sons Company based on Fed.R.Civ.P. 14(a) and, alternatively, Fed.R.Civ.P. 19 and 20 (Dkt. 53, ¶ 10). Kimsey also attaches as Exhibit A its draft complaint against R. R. Donnelley & Sons Company.

This motion was filed following the deadline for joinder in the Case Management and Scheduling Order with no extension granted. While timely motions for leave to amend are viewed liberally under the Fed.R.Civ.P. 15(a) standard, such motions filed after the court's deadline should be denied unless good cause can be shown, in which case the court should allow the amendment. *Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company*, 184 F.R.D. 674, 678 (M.D.Fla.1999), (*citing Sosa*, 133 F.3d at 1417; *Payne v. Ryder Sys., In. Long Term Disability Plan*, 173 F.R.D. 537 (M.D.Fla.1997)). When a motion is filed after the Court's deadline, the Court will not reach the more permissive standard until the good cause standard is

met under Fed.R.Civ.P. 16(b). *Sosa*, 133 F.3d at 1419; *Payne*, 173 F.R.D. at 540 (*see also Moyer v. Walt Disney World Co.*, 146 F.Supp.2d 1249, 1253 (M.D.Fla.2000); *Thorn v. Blue Cross and Blue Shield of Florida, Inc.*, 192 F.R.D. 308, 309 (M.D.Fla.2000)).

Thus, before the Court can reach Kimsey's Fed.R.Civ.P. 14(a) argument and Fed.R.Civ.P. 19 and 20 alternate arguments, it must apply and Kimsey's motion must survive the Fed.R.Civ.P. 16(b) good cause standard. Otherwise, the court would "render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419.

Kimsey briefly reasserts its Fed.R.Civ.P. 6(b)(1) argument in support of its earlier motion. Kimsey fails to address the applicable Fed.R.Civ.P. 16(b) standard for this motion. Kimsey does provide a better timeline of the events leading up to this motion than it did in its prior motion. Kimsey asserts that at the May 12, 2008, deposition of Paul S. Kimsey, it "became evident that Idearc might attempt to deflect some or all of its liability to R. R. Donnelley." (Dkt. 53, ¶ 4). It bases this assertion on a question from Idearc's counsel in which Mr. Kimsey was asked whether he had seen documents that indicated "that the specifications were that the tip-ons not cover the banner adds [.]" (Dkt. 53, n. 5). Kimsey then served a Second Request to Produce on June 26, 2008, and requested "Copies of agreements between Plaintiff and any other parties or entities for printing, publishing and affixing or gluing or otherwise adhering tip-on advertisements that were distributed in Pinellas, Hillsborough and Polk Counties, Florida from 2004 through 2006." (Dkt. 53, ¶ 6). On July16, 2008, Kimsey received the Printing Services Agreement that it says indicates that R. R. Donnelley & Sons Company should be a third-party in this case. (Dkt. 53, ¶ 7). Kimsey asserts that it had never seen or possessed a copy of the Printing Services Agreement before that date. (Dkt. 53, ¶ 9).

Kimsey makes no attempt to directly argue the diligence standard or good cause generally. Additionally, there is much to suggest that diligence was lacking. Kimsey's letter referencing "your printer" indicates that, as early as 2006, Kimsey recognized that an outside printer might be involved. Kimsey admits that such an interpretation arises, while arguing that the opposite is "just as likely." (Dkt. 53 at 5). No further investigation was made until after the May 12, 2008, deposition, though Kimsey insinuates that Idearc's failure to plead third-party liability in its October 10, 2008 Response (Dkt. 7) precluded the need for further investigation. (Dkt. 53, ¶ 3). Kimsey dismisses Idearc's allegations concerning the scheduling of Mr. Kimsey's deposition, which indicate a lack of diligence, by describing them as "calendaring conflicts between counsel for Idearc and Kimsey Law Group's prior counsel." (Dkt. 53 at 5). There is no indication of how diligent Kimsey's counsel was in trying to overcome those conflicts and more speedily depose the defendant firm's namesake, or of any sense of urgency felt by counsel given that the months to the deadlines imposed by the Case Management and Scheduling Order were melting away.

The deposition occurred three months before the Case Management and Scheduling Order deadline. Kimsey makes no attempt to explain why, despite proper diligence, that deadline could not be met. Specifically, Kimsey does not explain why, despite its diligent efforts and the fact that on May 12 further investigation appeared "crucial" (Dkt. 53, ¶ 5) it could not request the agreement between Idearc and its printer until 45 days later. It further did not explain why, despite proper diligence, it was unable to attempt joinder within the Case Management and Scheduling Order deadline, nearly a month after it received a copy of the agreement that "revealed that R. R. Donnelley should be named as a Third Party Defendant in this case." (Dkt. 53, ¶ 8). Kimsey does nothing more than insinuate that this wasn't enough time, while doing

nothing to explain why.

"Absent a showing of diligence on the part of a party seeking to extend deadlines contained in the scheduling order, the court-ordered schedule should not be disturbed." *Lord*, 223 F.Supp 2d at 1278. "The Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely." *Payne*, 173 F.R.D. at 540 . "The scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.*, (*citing Fortsmann v. Culp*, 114 F.R.D. 183, 185 (M.D.N.C.1987)).

Kimsey implies that it did not have enough time to comply with the Case Management and Scheduling Order, but does not offer enough evidence sufficient to indicate good cause. It states simply that its motion is made "in good faith and not for reasons of delay." (Dkt. 53, ¶ 14). "These statements do not address [defendant's] delay, as required under *Sosa* and *Payne*." *Senger*, 184 F.R.D. at 678 (*citing Sosa*, 133 F.3d at 1417; *Payne*, 173 F.R.D. at 537). Therefore, the Court finds that there is no good cause under Fed.R.Civ.P. 16(b) for allowing this motion to stand under a modification to the Case Management and Scheduling Order. Accordingly, this motion is **DENIED**. The Court need not address the merits of the proposed joinder of R. R. Donnelley & Sons Company under Fed.R.Civ.P. 14(a) or 19 and 20.

## CONCLUSION

This Court believes that Kimsey has failed to provide the good cause requisite under Fed.R.Civ.P. 6(b) for the enlargement of time to join a third party. Accordingly, it is:

**ORDERED** that Defednant Kimsey's Motion for Enlargement of Time for Joining Counter Defendant is **DENIED.**

Additionally, this Court believes that Kimsey failed to provide the good cause requisite under Fed.R.Civ.P. 16(b) for allowing leave to join a third party defendant after the Case Management and Scheduling Order deadline to do so. Accordingly, it is:

**ORDERED** that Defendant Kimsey's Motion for Leave to Joint Third Party Defendant R. R. Donnelley & Sons Company is **DENIED.**

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 18th day of February 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record